UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

09-20254

UNITED STATES OF AMERICA,

Plaintiff,

v.

THE STATE OF FLORIDA and the
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,

Defendants.

CIV-GRAHAM

7TORRES

FILED by AOS D.C.

JAN 29 2009

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. – MIAMI

**COMPLAINT**

1. The Plaintiff, the United States of America, brings this complaint pursuant to 18 U.S.C. § 2723(b) and 28 U.S.C. § 2461(a), alleging violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, by the Defendants, the State of Florida and the Florida Department of Highway Safety and Motor Vehicles. The United States seeks the recovery of a penalty, in the amount of $2,535,000, that the Attorney General of the United States has imposed against the Defendants for their policy and practice of substantial noncompliance with the terms of the DPPA.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1395(a).

## Parties

4. The Plaintiff is the United States of America. The United States is authorized, pursuant to 18 U.S.C. § 2723(b) and 28 U.S.C. § 2461(a), to file a civil action for the recovery of a penalty imposed by the Attorney General of the United States against a state department of motor vehicles for its policy or practice of substantial noncompliance with the terms of the DPPA.

5. The Defendants are the State of Florida and the Florida Department of Highway Safety of Motor Vehicles ("DHSMV"). The State of Florida has assigned the DHSMV the responsibility to collect and to maintain records relating to the operators of motor vehicles within the State. This case concerns the policy and practice of the State of Florida, by and through the DHSMV, to disclose motor vehicle records in violation of the requirements of the DPPA.

## Statutory Background

6. The DPPA prohibits a state department of motor vehicles and "any officer, employee, or contractor thereof," from knowingly disclosing or otherwise making available to any person or entity "personal information" about any individual obtained in connection with a motor vehicle record, except pursuant to enumerated exceptions. 18 U.S.C. § 2721(a).

7. For this purpose, the Act defines "personal information" as "information that identifies an individual," including "an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

8. The Act further limits the permitted disclosures of "highly restricted personal information," which is defined as "an individual's photograph or image, social security number, medical or disability information." 18 U.S.C. §§ 2721(a)(2), 2725(4).

9. The Act permits the disclosure of "personal information" under certain limited circumstances. 18 U.S.C. § 2721(b). As relevant to this complaint, the Act permits a state department of motor vehicles to disclose "personal information" for "bulk distribution for surveys, marketing or solicitations," or for any other use, "if the State has obtained the express consent of the person to whom such personal information pertains." 18 U.S.C. § 2721(b)(11), (b)(12).

10. As noted above, a state department of motor vehicles "that has a policy or practice of substantial noncompliance" with the DPPA is subject to a civil penalty to be imposed by the Attorney General, of not more than $5,000 per day for each day of substantial noncompliance. 18 U.S.C. § 2723(b).

## Factual Basis of the Complaint

11. From before May 13, 2003, and until at least October 1, 2004, it was the policy and practice of the State of Florida and of the DHSMV to disclose personal information from motor vehicle records in a manner that violated the DPPA.

12. During this time period, numerous individuals and entities submitted requests to the DHSMV for the disclosure of personal information from motor vehicle records in the possession of the DHSMV. These individuals and entities paid a fee to the DHSMV to secure the disclosure of this information. Requesters included entities that sought personal information for bulk marketing purposes.

13. The DHSMV complied with these requests, and disclosed personal information that it had obtained in connection with motor vehicle records to these requesters.

14. These disclosures included "personal information," as that phrase is defined in the DPPA. In particular, these disclosures included the names, addresses, and telephone numbers of the persons to whom the DHSMV's motor vehicle records pertained.

15. For the time period from May 13, 2003, to October 1, 2004, the DHSMV disclosed over 30 million motor vehicle records containing the personal information of the subjects of its motor vehicle records. The DHSMV derived revenues from the fees that requesters had paid to it in exchange for these disclosures.


16. The DHSMV lacked the express consent of the persons who were the subject of the disclosures described above.

17. None of the exceptions permitting disclosure of personal information under 18 U.S.C. § 2721(b) is applicable to the DHSMV's disclosures described above.

18. By letter of January 3, 2008, the United States Department of Justice notified the State of Florida and the DHSMV that it was considering the imposition of a penalty under 18 U.S.C. § 2723(b) for violations of the Act. This letter afforded the State of Florida and the DHSMV the opportunity to show cause why such a penalty should not be imposed.

19. The DHSMV (through its counsel) responded by letter of February 15, 2008. In this letter, the DHSMV acknowledged that it had disclosed personal information that it had obtained in connection with motor vehicle records, and that these disclosures were for uses other than those permitted under the DPPA.

20. On December 30, 2008, the Attorney General of the United States, acting through the Deputy Attorney General, issued a memorandum of decision that imposes a penalty against the State of Florida and the DHSMV pursuant to 18 U.S.C. § 2723(b). In this decision, the Deputy Attorney General determined that, from on or before May 13, 2003, and until no earlier than October 1, 2004, the State of Florida and the DHSMV had a policy and practice of substantial noncompliance with the requirements of the DPPA. The Deputy Attorney General accordingly imposed a penalty in the amount of

$2,535,000, or $5,000 for each day during this time period that the State of Florida and the DHSMV had a policy and practice of substantial noncompliance with the requirements of the Act.

### Count I - Recovery of a Civil Penalty

21. Paragraphs 1 through 20 are hereby incorporated by reference.

22. From on or before May 13, 2003, to no earlier than October 1, 2004, the State of Florida, by and through the DHSMV, has knowingly disclosed, or otherwise made available, information obtained by the department in connection with a motor vehicle record. 18 U.S.C. § 2721(a).

23. This information that the State of Florida, by and through the DHSMV, has disclosed consists of "personal information" under the Act. 18 U.S.C. §§ 2721(a)(1), 2725(3).

24. Neither the State of Florida nor the DHSMV had obtained the express consent from the subjects of the personal information for these disclosures. None of the exceptions established under 18 U.S.C. § 2721(b) to the DPPA's general prohibition of disclosures applies to these disclosures.

25. The State of Florida, by and through the DHSMV, made these disclosures pursuant to a policy or practice of substantial noncompliance with the Act. 18 U.S.C. § 2723(b). This policy or practice lasted continuously from on or before May 13, 2003, to at least October 1, 2004.

26. The Attorney General of the United States, acting through the Deputy Attorney General, properly exercised his authority pursuant to 18 U.S.C. § 2723(b) to impose a penalty against the State of Florida and the DHSMV in the amount of $2,535,000 for their policy and practice of substantial noncompliance with the requirements of the DPPA.

27. The State of Florida and the DHSMV are therefore liable, jointly and severally, for payment of a penalty pursuant to 18 U.S.C. § 2723(b) in the amount of $2,535,000.

## Prayer for Relief

WHEREFORE, the Plaintiff, the United States of America, requests that the Court:

A. Order that the Defendants, the State of Florida and the Florida Department of Highway Safety and Motor Vehicles, shall be liable, jointly and severally, for the payment of a civil penalty pursuant to 18 U.S.C. § 2723(b) in the amount of $2,535,000, plus all applicable prejudgment and postjudgment interest;

B. Assess against the Defendants all costs incurred by the Plaintiff; and

C. Award such other and additional relief as the Court may deem to be just and proper.

Dated: January 29, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

R. ALEXANDER ACOSTA
United States Attorney
Southern District of Florida

ARTHUR R. GOLDBERG
Assistant Branch Director

/s/ Joel McElvain
_____
JOEL McELVAIN, S.D. Fla. Bar # A5501185
Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave., Room 7-5395
San Francisco, CA 94102
Telephone:   (415) 436-6645
Fax:         (415) 436-6632
Email:       Joel.McElvain@usdoj.gov

*Attorneys for the Plaintiff*

§JS 44 (Rev. 11/05)                                   **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

FILED by AJS D.C.
JAN 29 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

**I. (a) PLAINTIFFS**
United States of America

09-20254
CIV-GRAHAM
/TORRES

**DEFENDANTS**
State of Florida; Florida Department of Highway Safety and Motor Vehicles

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joel McElvain, U.S. Department of Justice, Civil Division, Federal Programs Branch, 450 Golden Gate Ave., Room 7-5395, San Francisco, CA 94102, (415) 436-6645

09-20254 – Graham/Torres

Attorneys (If Known)
Robin Lotane, General Counsel, DHSMV, 2900 Apalachee Parkway, Tallahassee, FL 32399

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

✓ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☒ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ✓ NO
b) Related Cases ✓ YES ☐ NO
JUDGE Jose E. Martinez
DOCKET NUMBER 1:04-cv-21351-JEM

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 2723(b); 28 U.S.C. 2461(a). This is an action for a penalty under the Driver's Privacy Protection Act.
LENGTH OF TRIAL via 1-3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
*Joel McElvain*
DATE January 29, 2009

FOR OFFICE USE ONLY
AMOUNT NF   RECEIPT #_____   IFP _____