UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,

   *Plaintiff,*

vs.            No. 09-20254-CIV-GRAHAM/TORRES

THE STATE OF FLORIDA and the
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,

   *Defendants.*
_____/

## **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendants, the STATE OF FLORIDA and the FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES ("DHSMV"), answer Plaintiff's Complaint as follows:

1. It is admitted.

2. Defendants deny that this Court has subject matter jurisdiction over this case.

3. It is admitted.

4. Defendants deny that the Plaintiff, the United States of America, is authorized, pursuant to 18 U.S.C. § 2723(b) and 28 U.S.C. § 2461(a), to file a civil action for the recovery of a penalty imposed by the Attorney General of the United States against a state department of motor vehicles that does not currently have a policy or practice of substantial noncompliance with the terms of the DPPA, otherwise admit.

5. Defendants admit the first two sentences of paragraph 5 of the Complaint, but deny the third sentence.

6-14.   The allegations are admitted.

15.   Defendants admit the first sentence of paragraph 15 of the Complaint, but deny the second sentence, as the revenues derived belong to the State of Florida.

16-17.   Without knowledge, and therefore denied.

18.   It is admitted.

19.   The letter speaks for itself, and therefore no answer is required.

20.   Defendants deny that 18 U.S.C. § 2723(b) authorized the Attorney General of the United States to impose a penalty against the STATE OF FLORIDA and the DHSMV when the DHSMV did not, at the time the penalty was imposed, have a policy or practice of substantial noncompliance with the terms of the DPPA.

## COUNT I – RECOVERY OF A CIVIL PENALTY

21.   Defendants incorporate their foregoing answers to paragraphs 1-20 of the Complaint as if expressly set forth herein.

22-23.   The allegations are admitted.

24.   Without knowledge, and therefore denied.

25.   Denied.  Defendants made disclosures of motor vehicle records in response to requests received pursuant to Florida's Public Records Act, Ch. 119, Florida Statutes.

26.   Denied.

27.   Denied.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court enter judgment in their favor, and award them any permissible attorney's fees and costs.

## DEFENSES

### A.     First Defense – Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over this case because the question at issue – namely, whether the Attorney General of the United States ("Attorney General") has the authority to impose the penalty in question against the Defendants – is moot.

Several years prior to the initiation of this lawsuit, Defendants took measures to come into full compliance with the DPPA. In 2004, the Florida legislature amended the state's public records statute with this specific purpose in mind. *See* Fla. Stat. § 119.07(3)(aa)(12); 2004 Fla. Sess. Law Serv. 2004-62 (West). In this case, there is no controversy for this Court to decide because the Defendants are now in full compliance with the DPPA. Moreover, the Defendants were in full compliance with the DPPA in 2008, when the Attorney General first put them on notice that the imposition of a civil penalty pursuant to 18 U.S.C. § 2723(b) was being considered.

According to the express terms of 18 U.S.C. § 2723(b), the Attorney General is authorized to impose a civil penalty upon a State department of motor vehicles that ***has*** – i.e., that currently or presently has – a policy or practice of substantial noncompliance with the DPPA. This provision is clearly punitive in nature, and therefore must be strictly construed. Contrary to the apparent position taken by the Attorney General, 18 U.S.C. § 2723(b) does not give the Attorney General the authority to impose a civil penalty upon a State department of motor vehicles that ***has had*** – i.e., that has had in the past – a policy or practice of substantial noncompliance with the DPPA. Such an expansive interpretation would impermissibly broaden the scope of the punishment intended by Congress.

As such, this Court lacks subject matter jurisdiction over this case because the issue of whether the Attorney General has the authority to impose the penalty in question is moot. Not only do the Defendants not have a policy or practice of substantial noncompliance with the DPPA, but they did not have such a policy or practice in 2008, when the Attorney General first imposed the penalty in question.

### B.  Second Defense – Lack of Standing

Plaintiff lacks standing to bring the claim in this case because 18 U.S.C. § 2723(b) does not a authorize the Attorney General of the United States to impose a civil penalty upon a State department of motor vehicles that does not currently have a policy or practice of substantial noncompliance with the DPPA.

### C.  Third Defense – Failure to State a Claim

Plaintiff has failed to state a claim pursuant to a violation of federal law.

As stated previously, 18 U.S.C. § 2723(b) authorizes the Attorney General to impose a civil penalty upon a State department of motor vehicles that *has* – i.e., that currently or presently has – a policy or practice of substantial noncompliance with the DPPA. According to its express terms, this provision does not give the Attorney General the authority to impose such a penalty upon a State department of motor vehicles that *has had* – i.e., that has had in the past – a policy or practice of substantial noncompliance with the DPPA.

As written, 18 U.S.C. § 2723(b) expresses Congress' intent to motivate states to come into compliance with the DPPA. Contrary to the apparent position taken by the Attorney General, 18 U.S.C. § 2723(b) does not express any intention by Congress to punish states that have already taken steps to come into substantial compliance. If Congress intended such belated punishment, it should have expressed itself more clearly. According to established precedent, a

court should decline to interpret a punitive statute in such a way as to increase the penalty imposed when such an interpretation is based on no more than a guess as to what Congress intended. *See Ladner v. United States*, 358 U.S. 169, 178, 79 S. Ct. 209, 214 (1958).

According to a plain reading of its text, 18 U.S.C. § 2723(b) does not allow for the imposition of the penalty in question. Rather, as written, the provision only allows a penalty to be assessed against a State department of motor vehicles that **has** – i.e., that currently or presently has – a policy or practice of substantial noncompliance with the DPPA. *Id.* Defendants simply do not meet this qualification. The Plaintiff has therefore failed to state a claim pursuant to a violation of federal law.

### D. Fourth Defense – No Right to Requested Relief

Plaintiff's reliance on 18 U.S.C. § 2723(b) is misplaced because the provision does not expressly authorize the Attorney General of the United States to impose a civil penalty upon a State department of motor vehicles that does not currently have a policy or practice of substantial noncompliance with the DPPA. There is simply no intent expressed by Congress that authorizes the relief requested.

Dated this 13th day of March, 2009.

        Respectfully submitted,

        **BILL MCCOLLUM**
        Attorney General

        /s/ Chesterfield Smith, Jr.
        **CHESTERFIELD SMITH, JR.**
        Senior Assistant Attorney General
        Chief, State Programs Litigation
        Florida Bar No. 852820
        Chesterfield.Smith@myfloridalegal.com

        **BRIAN L. HAYDEN**
Assistant Attorney General
State Programs Litigation
Florida Bar No. 58987
Brian.Hayden@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served by the CM/ECF System's Notice of Electronic Filing on **Joel McElvain**, Assigned # A5501185, Attorney, United States Department of Justice, Civil Division, Federal Programs Branch, 450 Golden Gate Ave., Room 7-5395, San Francisco, CA 94102, on March 13, 2009.

/s/ Chesterfield Smith, Jr.
Chesterfield Smith, Jr.